**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DONALD T. KRIHAK, II, | ) | No. 14 B 574 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### <u>MEMORANDUM OPINION</u>

Before the court is the motion of chapter 11 debtor Donald T. Krihak to reopen his case

so that he can obtain his discharge.  Krihak filed his petition in January 2014 and had his plan

confirmed later that year.  The plan required Krihak to surrender real estate to JP Morgan Chase

Bank in full satisfaction of its claim and make payments to his general unsecured creditors on

their claims for the next five years.  After several post-confirmation status hearings, and after

several assessments of quarterly U.S. Trustee fees, the case was closed without a discharge in

August 2015.  Individual chapter 11 cases with confirmed plans are often closed without a

discharge so that debtors need not pay U.S. Trustee fees while they performed their plan

obligations.

Apparently, Krihak not only performed but completed his plan obligations, because in

early 2022 he moved to have his discharge entered.  The motion is not controversial:  no creditor

has objected, and neither has the U.S. Trustee.  Reminded that the case first had to be reopened

before the clerk could enter the discharge, *see* 11 U.S.C. § 350(b), Krihak then moved to reopen

his case.  That motion is not controversial, either; again, no party has objected.  But the

bankruptcy courts charge a fee to reopen a chapter 11 case, and therein lies the controversy.

Krihak asks to have the reopening fee waived.  Can the court waive the fee?

The answer is no.  Congress requires parties filing bankruptcy cases to pay filing fees, 28

U.S.C. § 1930(a), and has authorized the Judicial Conference of the United States to "prescribe additional fees," 28 U.S.C. § 1930(b). Those additional fees appear in the Bankruptcy Court Miscellaneous Fee Schedule, the latest version of which became effective on December 1, 2020.[1] Among them are fees to reopen closed cases. Item 11 of the Schedule sets a fee of $1,167 to reopen a closed chapter 11 case. Bankr. Ct. Misc. Fee Sched. Item 11. Item 11 also says: "The reopening fee must be charged when a case has been closed without a discharge." *Id.* The provision is mandatory. "'[M]ust' does not mean 'may.'" *Marcure v. Lynn*, 992 F.3d 625, 628 (7th Cir. 2021) (discussing Fed. R. Civ. P. 11(a)).

That should be the end of the matter – Krihak can reopen his case only if he first pays the fee. But the next paragraph of Item 11 casts doubt on what would otherwise be an obvious conclusion. It says: "The court may waive this fee [i.e., the fee to reopen a closed case] under appropriate circumstances." Bankr. Ct. Misc. Fee Sched. Item 11. Does that mean the court can waive the fee to reopen a chapter 11 case even if the case has been closed without a discharge? Can it mean that, when the preceding paragraph says the fee "must" be charged to reopen the case? If nothing else, the two adjacent paragraphs make Item 11 ambiguous. *See Arobelidze v. Holder*, 653 F.3d 513, 518 (7th Cir. 2011) (noting that a statute is ambiguous when there are "two plausible but different interpretations" of its language (internal quotation omitted)).

Fortunately, the federal judicial equivalent of legislative history clarifies the meaning of Item 11. *See In re Burciaga*, 944 F.3d 681, 684 (7th Cir. 2019) ("Legislative history (and thus legislative intent) may be consulted when a statute is ambiguous . . . ."). The Judicial Conference's Committee on Court Administration and Case Management ("CACM") reviews fees prescribed under section 1930(b) and makes recommendations to the Judicial Conference

---

[1]      The Bankruptcy Court Miscellaneous Fee Schedule is on the U.S. Courts website, https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule.

about amendments to the Bankruptcy Court Miscellaneous Fee Schedule.  In 2006, CACM recommended that the Judicial Conference amend Item 11 to "expressly state that the [reopening fee] applies to requests to reopen cases in which the court did not enter a discharge."  Rep. of the Comm. on Court Admin. and Case Mgmt. at 7 (Sept. 2006).[2/]  (The goal, ironically, was to "resolve any ambiguity" about an exemption from the fee.  *Id.* at 6.)  The Judicial Conference concurred and amended Item 11 to declare that the reopening fee "must" be charged.  Rep. of Proceedings of Judicial Conf. of U.S. at 12 (Sept. 19, 2006), *available at* www.uscourts.gov/sites/default/files/2006-09.pdf.

Eight or nine years later, CACM considered a proposal from the Committee on the Administration of the Bankruptcy System to amend Item 11 "to provide bankruptcy judges with discretion to waive the reopening fee in Chapter 11 bankruptcy cases filed by individuals."  Rep. of the Comm. on Court Admin. and Case Mgmt. at 6 (Mar. 2015).  CACM observed that courts often allow individual debtors to close their cases to avoid paying U.S. Trustee fees, but to obtain discharge "the debtor must seek to reopen the case and pay the Conference-required reopening fee" on completing plan payments.  *Id.* at 7.  But CACM "unanimously declined to endorse the Bankruptcy Committee's suggestion for three reasons."  *Id.*  First, judicial discretion to waive fees should be "very limited."  *Id.*  Second, it would be "inequitable" to exempt chapter 11 debtors from the fee when they have escaped paying U.S. Trustee fees.  *Id.* at 8.  And third, lower income debtors in chapter 13 cases have no comparable ability to close their cases while they perform under their plans.  *Id.*

In short, the relevant portion of Item 11 declaring that the reopening fee "must" be charged has remained unchanged since it was adopted in 2006, despite calls to change it.  And

---

[2/]     CACM reports to the Judicial Conference are available from the Administrative Office of U.S. Courts on request.

CACM's 2015 refusal to support changing Item 11 so that courts can waive the fee for debtors like Krihak confirms that the fee cannot be waived.  Krihak must pay the fee.

In support of his waiver request, Krihak relies on *In re Garcia*, No. 12-41403-MSH, 2018 WL 3524581 (Bankr. D. Mass. July 20, 2018).  *Garcia* does hold that a bankruptcy court can waive the reopening fee for individual chapter 11 debtors who have completed their plans and want a discharge.  *Id.* at *2-5.  But the decision bases its holding on the Fee Schedule's "grant of discretion and its express mandate to waive reopening fees when matters of discharge are involved" as well as the "difference . . . between administrative and statutory closing."  *Id.* at *5. What *Garcia* fails to mention is the Fee Schedule's critical declaration that the reopening fee "must" be charged if a case is closed without a discharge.  As for the alleged distinction between "administrative" and "statutory" case closings, even *Garcia* acknowledges that "administrative closing" appears nowhere in the Code or Rules and is no more than an expedient judicial construct.  *Garcia* is unconvincing.

Though making a debtor like Krihak pay another $1,167 to receive his discharge may well be an example of the adage, "no good deed goes unpunished," *Garcia*, 2018 WL 3524581, at *2, the Judicial Conference Bankruptcy Court Miscellaneous Fee Schedule requires him to pay it.  His motion to reopen the case will therefore be denied to the extent he asks to have the reopening fee waived.  The balance of the motion and his motion to enter discharge will be continued so that he can pay the fee.  A separate order will be entered consistent with this opinion.

Dated: March 14, 2022

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

-4-